UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DORRION JEFFERSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:17-CV-411 |
| SHERIFF MARCUS GATTON and COMMANDER SEAN MARTIN, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Marcus Gatton and Sean Martin (ECF 18). Plaintiff Dorrion Jefferson did not file a response to the motion and the time for doing so has long passed. For the reasons explained below, the motion is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendants and against Plaintiff. This case is DISMISSED WITH PREJUDICE.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant Marcus Gatton, the Sheriff of Whitley County, Indiana, and Defendant Sean Martin, the Whitley County Jail Commander, filed their joint motion for summary judgment on February 4, 2019. At that time, Jefferson was represented by counsel, but his attorney withdrew his representation shortly before the deadline for Plaintiff to file a response to the motion. Judge Springmann, who was presiding over this case at the time, granted Jefferson's attorney's motion to withdraw on April 9, 2019, and ordered that "Plaintiff shall have up to and including May 15, 2019, to obtain new counsel and have counsel appear in the case. Further, the Court extends the deadline for Plaintiff to respond to summary judgment, either *pro se* or by counsel, to June 12,

2019."[1] Order (ECF 23), pp. 1-2. Judge Springmann further instructed "the Clerk of the Court to send to *pro se* Plaintiff Dorrion Jefferson, by first class mail: (1) an updated copy of the docket, (2) a copy of this Order, and (3) the Notice to *Pro Se* Litigant that the Court is issuing in a separate docket entry." *Id*., p. 2. Two days later the Clerk of the Court mailed to Jefferson the Notice that Judge Springmann referred to, which informs a *pro se* plaintiff about the summary judgment motion, summary judgment procedure, and the need for the plaintiff to respond to the motion. Notice of Summary Judgment Motion (ECF 24). The record reflects that the mail sent to Jefferson was not returned to the Clerk as undeliverable. Despite Judge Springmann's order and the Court's notice, no attorney has entered an appearance on behalf of Jefferson and no response to Defendants' motion has been filed.

Jefferson brought this suit against Sheriff Gatton and Jail Commander Martin based on his allegation that he was confined in the Whitley County Jail longer than he should have been. Jefferson alleges in his Complaint as follows:

> Mr. Jefferson was unlawfully imprisoned thirty-one days in the Whitley County Jail due to the malicious acts, interference, and wrongdoing of Whitley County Jail Commander Sean Martin. . . . Mr. Jefferson brings constitutional and tort claims in this action for damages pursuant to 42 U.S.C. § 1983 and Ind. Code § 34-24-3.

Complaint, p. 1. Jefferson's allegations and claims are also summarized in the opening paragraph of Defendants' Memorandum in support of their motion, which states as follows:

> In his Complaint, Plaintiff claims that he was wrongfully imprisoned by Defendants because he claim[s] that he was held thirty-one (31) days longer than he believes his actual sentence required. He raises various claims under the Eighth, Fourth and Fourteenth Amendments to the U.S. Constitution, as well as

---

[1] Chief Judge Springmann recused herself from this case on April 11, 2019, and it was randomly reassigned to the undersigned for further proceedings. *See* Docket Entry (ECF 25).

state law tort claims of false imprisonment, confinement, malicious prosecution, abuse of process, negligence and negligent infliction of [emotional] distress.

Defendants' Memorandum of Law in Support of Motion for Summary Judgment (ECF 19), p. 1.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989).

However, if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). "[S]peculation and conjecture" also cannot defeat a motion for summary judgment. *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013).

As this Court has explained, "Rule 7-1(d) (4) of the Local Rules of the United States District Court for the Northern District of Indiana indicates that '[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline.'" *Shepherd v. Covidien, Inc.*, 2014 WL 1207516, at *4 (N.D. Ind. Mar. 24, 2014). The Court has also explained that "a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results." *Major v. Indiana*, 2018 WL 5830742, at *3 (N.D. Ind. Nov. 7, 2018) (citing *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding the trial court's strict enforcement of local rules on summary judgment)). Also, Federal Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e)(2). The Rule further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *Id*. "Thus, summary judgment is appropriate if the non-movant does not respond and the 'motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.'" *Major v. Indiana*, 2018 WL 5830742, at *3 (quoting *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994)).

**DISCUSSION**

The Defendants move for summary judgment on all of Jefferson's claims based on several defenses, the preeminent one being that Jefferson's claims are based on his mistake of fact regarding the calculation of a state court-imposed sentence he was serving at the Whitley County Jail. The Defendants present evidence that they properly calculated the period of incarceration imposed on Jefferson by the Whitley County Superior Court. Affidavit of Sean Martin (ECF 19-1); Amended Order, Whitley County Superior Court (ECF 19-2); January 26, 2016, Letter from Sean Martin to Dorrion Jefferson regarding calculation of state sentence (ECF 19-3); February 3, 2016, Notice from Whitley Superior Court regarding sentence (ECF 19-4); February 5, 2016, Notice from Whitley Superior Court regarding sentence (ECF19-5). The mistake of fact on which Jefferson bases his claims is his erroneous conclusion that he should have received jail credit in his Whitley County case for time he spent in the Allen County Jail on a separate case. But as Martin explains in his affidavit, the Whitley Superior Court ordered that Jefferson's sentence in that case run *consecutive* to the Allen County case, and thus he did not receive jail credit against his Whitley County sentence for the time he was incarcerated in Allen County. Affidavit of Sean Martin (ECF 19-1). The Defendants submitted the documentary evidence listed above to support Martin's sworn statements.

The undisputed facts show that Jefferson was serving a 30-day sentence in Allen County from October 1, 2015, to October 31, 2015. Martin explains in his affidavit that Jefferson "was picked up at the Allen County Jail on November 2, 2015. He had completed serving a sentence in Allen County on October 31, 2015. Plaintiff was sentenced in Whitley County on January 25, 2016 in cause number 92D01-1504-FD-199. . . . Plaintiff's sentence and breakdown of jail time

5

was as follows: Count I–10-31-15 to 01-29-16=90 actual days [and] Count II–01-29-16 to 02-28-16[.]=30 actual days[,] Total=120 actual days. . . . Plaintiff was given two additional credit days for time previously served between 10-31-15 and 11-2-15 when he was picked up from Allen County by Whitley County, and was therefore released on February 26, 2016[.] . . . These dates and sentences were set by the Whitley Superior Court pursuant to a guilty plea by Plaintiff. Affidavit of Sean Martin (ECF 19-1), pp. 1-2. Since the Whitley Superior Court ordered that Jefferson's sentences be served consecutively to his Allen County case (and consecutive to each other), he did not get credit against his Whitley County sentences for the time he spent in the Allen County Jail in October of 2015. Amended Order, Whitley Superior Court (ECF 19-2). In other words, while Jefferson's Allen County and Whitley County cases may have been pending concurrently (the Allen County case was filed in March of 2015 and the Whitley County case was filed a month later), the sentences in those cases were consecutive. The Whitley Superior Court ruled that Jefferson would have to serve 90 days of incarceration on Count I and a *consecutive* 30 days on Count II. *Id*. The Court also expressly ruled that these sentences were *consecutive* to the Allen County sentence. *Id*., p. 1.

    The Defendants explain the calculation of Jefferson's sentence as follows:

> [T]he Whitley County Superior Court judge issued two orders that Plaintiff was not only to serve his sentence in Whitley County consecutively to his sentence in Allen County, but that his two counts in Whitley County were to be served consecutively and that his jail credit time did not start until October 31, 2015. More importantly, Plaintiff plead guilty to these counts and the sentences given, and waived the pre-sentence report. Plaintiff's counsel was present for all of the proceedings at issue in this matter and was given the opportunity by the Court to file a credit time review with the Court. Plaintiff's counsel in fact filed a credit time review response with the Court, and after review the Court again ordered on February 5, 2016 that Plaintiff's jail credit time began to run on October 31, 2015. Plaintiff had a full opportunity, with the assistance of counsel, to have the Court

6

> review his jail credit time and the Court found that it was to begin October 31, 2015.

Memorandum in Support, p. 9.

Defendant Gatton also moves for summary judgment on the basis of lack of personal involvement. Memorandum in Support, pp. 7-8. Gatton contends that "Plaintiff failed to set forth any facts supporting personal involvement in his alleged constitutional deprivations by Sheriff Gatton. Individual liability under § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Id.*, p. 7 (citing *Kelly v. Mun. Courts of Marion County*, 97 F.3d 902, 909 (7th Cir. 1996)). The Defendants argue that "[b]ecause Plaintiff has no evidence that Sheriff Gatton had any personal involvement in the calculation of his jail credit time, Plaintiff's federal claims against Sheriff Gatton must be dismissed as a matter of law." *Id.*, p. 8 (citations omitted). In addition, the Defendants point out that Jefferson expressly states in his Complaint that "Defendant Sheriff [Gatton] is named in his representative capacity as liable for the torts his employees, including Defendant Martin, committed within the scope of their employment." Complaint, pp. 1-2. Jefferson never states a federal claim against Gatton in his Complaint, he merely asserts that Gatton was named as a defendant because he was the Sheriff of Whitley County and was Martin's boss. He does not so much as allege that Sheriff Gatton was personally involved with the imposition or calculation of his sentence. Similarly, Martin states in his affidavit that his only involvement in Jefferson's case was to calculate Jefferson's state sentence, a task he was ordered to do by the Whitley Superior Court. Affidavit of Sean Martin (ECF 19-1), p. 2, ¶ 7.

The Defendants also argue that Jefferson has failed to present any evidence to establish a

*Monell*[2] claim against the Defendants in their official capacities (which would be a claim against Whitley County itself). The Defendants note that Jefferson has failed to produce any evidence that the County had a "policy or custom" of holding inmates in the Whitley County Jail longer than their sentences mandated. Memorandum in Support, p. 12. In fact, they point out that "when asked through interrogatories to state each and every way that he would prove such a claim, [Jefferson] only repeated his allegations with no citation to any other specific instances in which inmates were detained longer than they should have been." *Id.*, p. 13. Since Jefferson presents no evidence to support his allegations, any claim he is trying to assert against the Defendants pursuant to *Monell* fails and Defendants are entitled to judgment as a matter of law on that claim.

As for Jefferson's state tort claims, they all arise out of the same operative facts. Since Jefferson has failed to establish that he suffered a deprivation of his constitutional rights, his state claims are also unsupported and do not survive summary judgment. The Defendants also present other bases for summary judgment on Jefferson's state claims, but their arguments need not be addressed since those claims fail for the same reason his federal claims fail, which is because they are all based on the incorrect premise that he was held in jail longer than he should have been. Given that he has failed to raise a triable issue about that, all of his claims crumble and Defendants are entitled to summary judgment. The claims Jefferson is attempting to bring are based on nothing more than his conclusory allegations that the Defendants held him in jail longer than his sentence mandated. But conclusory allegations are insufficient to survive summary judgment. "The non-moving party cannot rely on conclusory allegations." *Solomon v. Wardlaw Claim Servs., LLC*, 2019 WL 2565667, at *3 (N.D. Ind. June 19, 2019) (citing *Smith v. Shawnee*

---

[2] *Monell v. N.Y. City Dep't. of Social Servs.*, 436 U.S. 658 (1978).

*Library System*, 60 F.3d 317, 320 (7th Cir. 1995)). "Failure to prove an essential element of the alleged activity will render other facts immaterial." *Id*. (citing *Celotex*, 477 U.S. at 323); *Filippo v. Lee Publications, Inc.*, 485 F.Supp.2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.")). Not only are Jefferson's claims all based on conclusory allegations, but his conclusion itself–that he was incarcerated a month longer than he should have been–is faulty and contrary to the undisputed facts. Even if Jefferson had filed a response to the Defendants' motion, he would be unable to raise a triable issue on any of his claims, state or federal, since they all arise from that faulty conclusion. Accordingly, the Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Marcus Gatton and Sean Martin (ECF 18) is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendants and against Plaintiff. This case is DISMISSED WITH PREJUDICE.

Date: August 19, 2019.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
